[No. 7668.　Decided November 18, 1908.]

BALSTON C. KENWAY, *Respondent,* v. DAVID M. HOFFMAN
et al., *Appellants.*[1]

APPEAL—REVIEW—ERROR FAVORABLE TO APPELLANT—NEW TRIAL—
VERDICT—REMISSION OF EXCESS. Where, in an action on *quantum
meruit* for services performed, no exception was taken to an in-
struction that the plaintiff was entitled to recover the whole sum
demanded, if anything at all, the defendant cannot allege error in
that the court inconsistently required the plaintiff to remit a part
of the verdict, as that was favorable to the defendant.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—LACK OF DILIGENCE.
A new trial asked on the ground of newly discovered evidence is
properly denied for want of diligence, where the action was for
drawing architect's plans, and the new evidence was that of expert
witnesses at the trial who had since made an examination of the
plans and claimed that they were defective.

SAME—CONTROVERTED AFFIDAVITS—DISCRETION. Where affidavits
in support of a motion for a new trial for newly discovered evidence
are controverted by affidavits by the adverse party, it is discretionary
to grant or refuse a new trial.

Appeal from a judgment of the superior court for Pierce
county, Reid, J., entered April 29, 1908, upon the verdict
of a jury rendered in favor of the plaintiff for services per-
formed. Affirmed.

*Theo. D. Powell,* for appellants.
*Harry H. Johnston,* for respondent.

HADLEY, C. J.—This action was brought to recover for
services as an architect, in preparing the preliminary studies
and sketches, and plans and specifications of a combination
store and office building, five stories in height, to cost $45,000
for its construction. The plaintiff alleges, that he was em-
ployed by the defendants to prepare, and that he did prepare,
such studies and sketches, and presented them to the defend-
ants, who accepted them and then instructed him to proceed

[1]Reported in 98 Pac. 98.

and prepare the general drawings and specifications; that the plaintiff thereupon prepared the same in accordance with the preliminary sketches and studies, but that the defendants refused to accept and pay for them. The fair and reasonable value of the services is placed in the complaint at $1,575, and judgment is demanded for that sum. The defendants in their answer deny everything of a material nature which is alleged in the complaint. The cause was tried before a jury, and a verdict was returned for the plaintiff in the sum of $1,575. The defendants moved for a new trial, and the court required the plaintiff to submit to a new trial or remit $475 from the amount of the verdict. He chose the latter alternative, and filed a written stipulation that the amount should be reduced to $1,100. The new trial was thereupon denied, and the defendants have appealed.

The error assigned is that the court should have granted unconditionally appellants' motion for a new trial. There was conflict in the evidence to be sure, but there was sufficient evidence of an employment to sustain a verdict. The complaint did not allege any specific sum as the amount appellants agreed to pay, but it alleged the reasonable value of the services to be $1,575. Appellants wholly denied the employment and, also, the value of the services. The court instructed that, if respondent is entitled to recover at all, he is entitled to recover the full amount for which he sued. The complaint was apparently drawn upon a *quantum meruit* basis, and while for that reason the instruction may have been objectionable, yet no exception was taken thereto. Appellants now urge that the order of the court requiring a remittance from the amount of the verdict is inconsistent with the instruction which directed a verdict for the amount which was returned or for no sum at all. Appellants, however, accepted that instruction without objection as the law of the case. In its terms it permitted the return of a verdict for $1,575, and appellants are not now in a position to urge that it was erroneous. The remittance of any of the amount re-

turned by the jury was in appellant's favor, and although it may have been inconsistent with the theory of the instruction, yet appellants cannot urge that which is manifestly in their favor as a ground for reversal.

Appellants' argument that the evidence does not support the verdict is based largely upon the contents of affidavits filed in support of·the motion for a new trial. These relate to alleged defects in the plans pointed out by experts whereby it is claimed the plans were incomplete. This matter was entirely open for investigation at the trial, and should have been taken up at that time. The persons making the affidavits were witnesses at the trial, and the plans and specifications were present and subject to the examination of all connected with the case. The suggestions in the affidavits do not, therefore, constitute newly discovered evidence which could not with reasonable diligence have been discovered and produced at the trial. Moreover, the affidavits submitted by appellants were denied by others submitted by respondent, making a conflict even at the hearing upon the motion for new trial. Under such circumstances, it was a discretionary matter with the trial court whether to grant or refuse a new trial.

We find no abuse of discretion, and the judgment is affirmed.

RUDKIN, CROW, MOUNT, and DUNBAR, JJ., concur.