[No. 12763.   Department One.   December 15, 1915.]

JOSIAH C. MOORE, *Appellant*, v. CHARLES W. SAUNDERS
*et al.*, *Respondents*.[1]

CONTRACTS—BUILDING CONTRACTS—PLANS—SUITABILITY—PRESUMP-
TIONS.  Where one holding himself out as possessed of the requisite
skill undertakes to furnish plans and specifications for the mechani-
cal equipment of a hospital, the law implies that the same when done
must be fit for the purpose intended.

SAME—CONTRACT FOR PLANS—ACCEPTANCE—"APPROVED"—QUESTION
FOR JURY.  In an action to recover for furnishing plans for the me-
chanical equipment of a hospital, whether the indorsement of the
word "approved" after the plans had been retained for a few days,
would bind the parties to pay for the plans the agreed price, is a
question of fact, where they were architects, possessed of no technical
knowledge of what such plans should consist of, and there was testi-
mony tending to show that the word "approved" does not mean an
acceptance which would bind a party, but was no more than an
identification.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — DILIGENCE.  A new
trial will not be granted for the purpose of cumulating opinion evi-
dence upon an issue as to which both sides had offered expert testi-
mony, even if certain experts had had no opportunity to make a
necessary inspection of plans in the possession of the adversary;
especially where no continuance was asked and the party had not
availed himself of the remedies afforded by statute to compel an
inspection of the plans.

Appeal from a judgment of the superior court for King
county, John F. Main, Judge *pro tempore*, entered August
6, 1914, upon findings in favor of the defendants, in an action
on contract, tried to the court.  Affirmed.

*Milo A. Root*, for appellant.

*Higgins & Hughes* (*Hyman Zettler*, of counsel), for re-
spondents.

CHADWICK, J.—On or about the 30th day of August, 1911,
Josiah C. Moore, appellant, and Charles W. Saunders *et al.*,

[1]Reported in 153 Pac. 329.

respondents, commenced negotiations looking toward the making of a contract, under the terms of which appellant was to design plans for the mechanical equipment of the northern hospital for insane, located at Sedro Woolley.

In connection with these negotiations, two letters were written; one from appellant to respondents on August 31, and one from respondents to appellant on September 1st. Appellant contends that these letters constituted the entire contract between the parties. Respondents contend that they constituted only a part of the contract. Appellant prepared plans and specifications and submitted them to respondents about the 1st of October. Respondents, after examination of the plans, marked them approved and submitted them to contractors, inviting bids thereon. About October 7th, respondents notified appellant that the plans had been objected to and criticised by intending bidders and were unsatisfactory; that they were going to employ another engineer to correct them, and that his services were terminated. Appellant brought this action for the alleged contract price.

Granting, but without holding, that the two letters relied on are enough to make a contract between the parties, there is still an implication which the law raises where one, holding himself out as possessed of skill and accomplishment in a particular line of endeavor, contracts to do a certain thing which is dependent upon such expert knowledge: It is—that the thing when done will be fit for the use intended. Appellant, in seeming affirmance of this rule, relies upon the fact that respondents marked the plans "approved," after they had been criticised by the Seattle Machinery Dealers Association and certain corrections and changes had been made by him in accordance with suggestions made by it. The testimony, however, will not bear out the contention that the association ever saw the plans. The specifications were submitted to the association and its opinion as to their fairness to intending bidders was invited. They made some suggestions

touching some particular specifications and the economy of the scheme. Beyond this the association did not go.

The only question in the case, therefore, is whether the indorsement of the word "approved," after the plans had been retained several days, is enough to bind respondents to pay appellant his per centum upon the contract price.

The testimony is that respondents are architects and not mechanical engineers, and have no technical knowledge of what such plans and specifications as were drawn by appellant should consist of or require, and it was because of this lack of knowledge that appellant was employed.

There is testimony tending to show that the indorsement of the word "approved" does not mean an acceptance which would bind a party to pay for them whether or no; that such act is no more than an identification or authentication, and does not exempt the one offering the plans from his implied contract to offer a workable plan.

Upon the questions, whether the word "approved" means acceptance, and whether the plans offered were workable plans, we are not prepared, after reading the whole record, to say that the findings of the trial judge are not sustained by a preponderance of the evidence.

Several affidavits made by experienced mechanical engineers were offered in support of a motion for a new trial. It is asserted by the affiants that the plans are workable and that the word "approved," when indorsed upon plans and specifications, means adoption and acceptance. The meaning of the word "approved," and the fitness of the plans, were made the material issues in the case by appellant, and upon these questions both sides offered the opinions of witnesses who qualified as expert mechanical engineers.

Under the assumption that either side might cumulate to an indefinite degree opinion evidence, testimony of customs, and the meaning of trade-names, it is universally held that new trials will not be granted for the purpose of measuring the opinions of men.

A showing is made by appellant that two of these witnesses were out of the city and could not be subpoenaed before the trial, and that the other had no opportunity to examine the plans and specifications because they were in the possession of the respondents and were only produced at the time of the trial, although appellant had theretofore requested that he be given an opportunity to inspect them. It does not appear that subpoenas were issued or that appellant asked for any continuance, nor is it made clear that he availed himself of the remedy afforded by the statute, Rem. & Bal. Code, § 1262 (P. C. 81 § 1129), to compel an inspection of the plans then in the hands of the adverse party.

The case of *Kenway v. Hoffman*, 51 Wash. 105, 98 Pac. 98, is in many ways in point. There the question was as to certain defects in building plans. The plans had been offered as evidence at the trial. It was thereafter sought to show by experts that the plans were defective and incomplete. The court said "this matter was entirely open for investigation at the trial, and should have been taken up at that time. . . ." "The suggestions in the affidavits do not, therefore, constitute newly discovered evidence which could not, with reasonable diligence, have been discovered and produced at the trial."

The motion for a new trial was properly overruled.

Affirmed.

MORRIS, C. J., ELLIS, MOUNT, and FULLERTON, JJ., concur.